NUMBER 13-10-00199-CR

 

COURT OF APPEALS

 

THIRTEENTH DISTRICT
OF TEXAS

 

CORPUS CHRISTI - EDINBURG  

                                                                                                                     


 

ROBERTO CARLOS OLVERA,                                                   Appellant, 

 

  v.

 

THE STATE OF TEXAS,                         
                            Appellee.

                                                                                                                     
  

 

On appeal from the 24th
District Court 

of Victoria County,
Texas.

                                                                                                                     


 

MEMORANDUM OPINION

 

Before Chief Justice
Valdez and Justices Rodriguez and Perkes   

Memorandum Opinion by
Justice Perkes  

 

            Appellant, Roberto Carlos Olvera, was charged
by indictment with knowing and unlawful possession of cocaine with intent to
deliver.  See Tex. Health &
Safety Code Ann. § 481.112(a), (d) (Vernon 2003).  The offense was a
first-degree felony because the amount of cocaine was four grams or more, but
less than two hundred grams.  Id.   § 481.112(d).  Appellant pleaded
guilty as charged.  Following a bench trial on punishment, the trial court orally
sentenced appellant to fifteen years of incarceration in the Texas Department
of Criminal Justice, and ordered him to pay a $5,000 fine plus court costs. 
The trial court’s written judgment of conviction shows the fine as $2,000. 
Appellant filed a timely notice of appeal, and as discussed below, his
court-appointed counsel filed an Anders brief.  

            We reform the trial court’s judgment of
conviction to show the $5,000 fine, and as reformed, we affirm the trial
court’s judgment.

I.      Anders
Brief

            Pursuant to Anders v. California, 386
U.S. 738, 744 (1967), appellant’s court-appointed appellate counsel has filed a
brief and a motion to withdraw with this Court, stating that his review of the
record yielded no grounds of error upon which an appeal can be predicated. 
Counsel’s brief meets the requirements of Anders as it presents a
professional evaluation demonstrating why there are no arguable grounds to
advance on appeal.  See In re Schulman, 252 S.W.3d 403, 407 n.9 (Tex.
Crim. App. 2008) (“In Texas, an Anders brief need not specifically
advance ‘arguable’ points of error if counsel finds none, but it must provide
record references to the facts and procedural history and set out pertinent
legal authorities.”) (citing Hawkins v. State, 112 S.W.3d 340, 343-44
(Tex. App.—Corpus Christi 2003, no pet.)); Stafford v. State, 813 S.W.2d
503, 510 n.3 (Tex. Crim. App. 1991).

            In compliance with High v. State, 573
S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), appellant’s counsel has
carefully discussed why, under controlling authority, there are no reversible errors
in the trial court’s judgment.  Counsel has informed this Court that he has:
(1) examined the record and found no arguable grounds to advance on appeal, (2)
served a copy of the brief and counsel’s motion to withdraw on appellant, and
(3) informed appellant of his right to review the record and to file a pro se
response.[1] 
See Anders, 386 U.S. at 744; Stafford, 813 S.W.2d at 510 n.3; see
also In re Schulman, 252 S.W.3d at 409 n.23.  More than an adequate period
of time has passed, and appellant has not filed a pro se response.  See In
re Schulman, 252 S.W.3d at 409.

II.    INDEPENDENT
REVIEW

            Upon receiving an Anders brief, we
must conduct a full examination of all the proceedings to determine whether the
case is wholly frivolous.  Penson v. Ohio, 488 U.S. 75, 80 (1988).  We
have reviewed the entire record and counsel’s brief and have found nothing that
would arguably support an appeal.  See Bledsoe v. State, 178 S.W.3d 824,
826-28 (Tex. Crim. App. 2005) (“Due to the nature of Anders briefs, by
indicating in the opinion that it considered the issues raised in the briefs
and reviewed the record for reversible error but found none, the court of
appeals met the requirement of Texas Rule of Appellate Procedure 47.1.”); Stafford,
813 S.W.2d at 509.  There is no reversible error in the record.

            But, there is an error in the judgment.  As
appellate counsel pointed out in his brief, there is a variance between the
trial court’s oral pronouncement of sentence and its written judgment.  In open
court, the trial court imposed a $5,000 fine as part of appellant’s sentence,
but the judgment shows a $2,000 fine.  When there is a variance between the
oral pronouncement of sentence and the written memorialization of the sentence,
the oral pronouncement controls.  Coffey v. State, 979 S.W.2d 326, 328
(Tex. Crim. App. 1998).  An intermediate appellate court may reform a trial
court’s judgment to make the record speak the truth when it has the necessary
data and information to do so.  Tex. R.
App. P. 43.2(b); see, e.g., Tamez v. State, 620
S.W.2d 586, 590 (Tex. Crim. App. [Panel Op.] 1981) (reforming judgment
to show $500 fine imposed but not stated in judgment); Nolan v. State,
39 S.W.3d 697, 698 (Tex. App.—Houston [1st Dist. 2001, no pet.)
(reforming judgment to reflect longer sentence).  Similar errors have been
corrected in other Anders cases.  See, e.g., Brasfield
v. State, No. 13-08-00699-CR, 2009 WL 2929275, at *2 (Tex. App.—Corpus
Christi Aug. 25, 2009, no pet.) (mem. op., not designated for publication)
(deleting a fine from the judgment).

            Accordingly, we reform the judgment of
conviction to delete the $2,000 fine and to show the correct $5,000 fine.  As
reformed, the judgment of the trial court is affirmed.

III.  
MOTION TO WITHDRAW

            In accordance with Anders, appellant’s
attorney has asked this Court for permission to withdraw as counsel for
appellant.  See Anders, 386 U.S. at 744; see also In re Schulman,
252 S.W.3d at 408 n.17 (citing Jeffery v. State, 903 S.W.2d 776, 779-80
(Tex. App.—Dallas 1995, no pet.) (noting that “[i]f an attorney believes the
appeal is frivolous, he must withdraw from representing the appellant.  To
withdraw from representation, the appointed attorney must file a motion to
withdraw accompanied by a brief showing the appellate court that the appeal is
frivolous.”) (citations omitted)).  We grant counsel’s motion to withdraw. 
Within five days of the date of this Court’s opinion, counsel is ordered to
send a copy of this Court’s opinion and judgment to appellant and to advise him
of his right to file a petition for discretionary review.[2] 
See Tex. R. App. P. 48.4; see
also In re Schulman, 252 S.W.3d at 412 n.35; Ex parte Owens, 206
S.W.3d 670, 673 (Tex. Crim. App. 2006).

 

                                                                                         ______________________

                                                                                         GREGORY
T. PERKES

                                                                                         Justice

 

 

Do not publish.  

Tex.
R. App. P.
47.2(b).

 

Delivered and filed the
3rd 

day of February, 2011.

 

 

 









[1] The Texas Court of Criminal Appeals
has held that “the pro se response need not comply with the rules of appellate
procedure in order to be considered.  Rather, the response should identify for
the court those issues which the indigent appellant believes the court should
consider in deciding whether the case presents any meritorious issues.” In
re Schulman, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008) (quoting Wilson
v. State, 955 S.W.2d 693, 696-97 (Tex. App.—Waco 1997, no pet.)).





[2] No substitute counsel will be
appointed.  Should appellant wish to seek further review of this case by the
Texas Court of Criminal Appeals, he must either retain an attorney to file a
petition for discretionary review or file a pro se petition for discretionary
review.  Any petition for discretionary review must be filed within thirty days
from the date of either this opinion or the last timely motion for rehearing
that was overruled by this Court.  See Tex.
R. App. P. 68.2.  Any petition for discretionary review must be filed
with this Court, after which it will be forwarded to the Texas Court of
Criminal Appeals.  See Tex. R.
App. P. 68.3, 68.7.  Any petition for discretionary review should comply
with the requirements of Texas Rule of Appellate Procedure 68.4.  See Tex. R. App. P. 68.4.